**YU FENG LIN, also known as Yue Feng Lin, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–3779–ag.

United States Court of Appeals, Second Circuit.

May 19, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Stephen J. Sorenson, Acting United States Attorney for the District of Utah, Richard D. McKelvie, Assistant United States Attorney, Salt Lake City, Utah, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 19th day of May, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is **GRANTED**, and the BIA decision is **VACATED** and **REMANDED**.

Yu Feng Lin (77–340–710), through counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Robert D. Wiesel denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun*

*Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding, and must not be "based on speculation or conjecture." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quotation marks omitted).

■ The IJ and the BIA denied Lin's asylum claim because they found that Lin failed to file her application within one year of entry into the United States, and Lin demonstrated neither changed nor extraordinary circumstances for failing to timely file. Because Lin does not raise this issue here, it is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

■ The IJ and the BIA denied Lin's withholding of removal and CAT claims because they found her incredible. We find that some of the evidence cited by the BIA and IJ was not sufficiently "substantial" to support their decision, and accordingly remand. The IJ based his decision in large part on the fact that a three-sentence doctor's note submitted by Lin stated that the author removed an intrauterine device ("IUD") from Lin (here in the United States) but did not mention that she had undergone an abortion in China. This document, the IJ found, "goes a long way toward destroying the respondent's credibility." This construction of the evidence is wholly speculative, and indeed borders on mystifying. Nothing in the record suggests that a prior abortion would have been medically apparent to the doctor, that it would have been information relevant to the procedure at

hand, or that a doctor (had he known this information) would have included it in his note. This finding, therefore, cannot stand.

■ Although the IJ and BIA stated other bases for their decision, we cannot "confident[ly]" predict that these bases, standing alone, would have motivated the same result. *Cf. Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (holding that affirmance is appropriate where the identified error clearly did not alter the result reached). The IJ faulted Lin for not submitting a statement by her husband. However, an applicant's "simple failure to produce *any particular* documentary support cannot serve as the sole basis of an adverse credibility finding." *Diallo v. INS,* 232 F.3d 279, 290 (2d Cir.2000) (emphasis added). The IJ and BIA failed to explain why *this particular* further corroboration was necessary given that Lin submitted medical corroboration that an IUD had been implanted in her as well as a governmental family planning document (whose authenticity the IJ did not appear to question) stating Lin's history of IUD check-ups and abortion. The IJ dismissed these documents in a single sentence because he found that none of them bore on the issue of whether Lin had a "forced" abortion. But the family planning document describes (1) a routine of periodic governmental IUD checks, (2) the discovery by the government that Lin was pregnant, and (3), one month later, the fact of her abortion. That the government document does not describe the abortion as "forced" cannot be determinative of that issue.

Finally, the IJ mentioned, although not in his analysis, an unexplained, apparent discrepancy between Lin's application and testimony as to whether she knew she was pregnant when the government came to take her in for an abortion. The BIA also

mentioned this issue. As they read the record, Lin's application indicates that she only discovered her pregnancy when the cadres examined her before immediately subjecting her to an abortion, whereas her testimony indicates that she knew she was pregnant when they came to take her in for an abortion. Lin's application stated: "I did not realize I was pregnant until I got examined at the family planning clinic *in April.* Since I was not five years past the birth of my first child, Village Family Planning Committee would not let me go, but took me to the government's hospital and our second baby was aborted ... After *a month or so,* I was implanted with an IUD *in late June of 2000."* (Emphasis added.) Given the time sequence stated, it is far from clear that Lin's statement meant that she was immediately taken in for an abortion, as opposed to being taken in the following month. At the very least, nothing about this aspect of Lin's statement and subsequent testimony supports a "confident" prediction that Lin's application will fail on remand.

For the foregoing reasons, Lin's petition for review is **GRANTED**, the BIA's is **VACATED**, and the case is **REMANDED** for further proceedings in accordance with this order. Having completed our review, Lin's pending motion for a stay of removal is **DENIED** as moot.